| CDII. PROB 22 (Rev. 4/97) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 97-30021-001 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* 0 7 CR 5 0 0 6 2 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT: CENTRAL DISTRICT OF ILLINOIS | DIVISION Springfield | |
|---|---|---|---|
| Earl Jackson Hiland III | NAME OF SENTENCING JUDGE Richard Mills | | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 10/3/01 | TO 10/2/09 |

FILED NOV 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Possession with Intent to Distribute Methamphetamine

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Northern District of Illinois upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

July 26, 2006
Date

JEANNE E. SCOTT
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

10/29/07
Effective Date

United States District Judge

FILED
NOV 0 7 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: M. Eddinger
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS SCANNED
DATE 11/20/07  DATE: 11/8
BY

31, CLOSED

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Springfield)
## CRIMINAL DOCKET FOR CASE #: 3:97-cr-30021-RM-1
## Internal Use Only

Case title: USA v. Hiland  
Magistrate judge case number: 3:97-mj-03010  

Date Filed: 05/09/1997  
Date Terminated: 06/15/1998  

Assigned to: Judge Richard Mills

### Defendant (1)

**Earl Jackson Hiland, III**  
*TERMINATED: 05/05/2004*

represented by **James E Elmore**  
ELMORE & REID  
808 S Second St  
Springfield, IL 62704  
217-523-2340  
Fax: 217-523-2549  
Email: elmoreandreid@sbcglobal.net  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Retained*

### Pending Counts

21:841A=CD.F CONTROLLED SUBSTANCE - SELL, DISTRIBUTE, OR DISPENSE - On or about May or June, 1996 at or near Quincy, Illinois, defendant did knowingly and intentionally possess a controlled substance in violation of 21:841(a)(1) and 21:841(b)(1)(B)(viii)  
(1)

### Disposition

Defendant sentenced to 60 months Imprisonment; 8 years Supervised Release; $3,000 Fine; $100 Special Assessment

### Highest Offense Level (Opening)

Felony

### Terminated Counts

None

### Disposition

A TRUE COPY  
ATTEST:  
JOHN M. WATERS, CLERK  
BY: M. Eddings  
DEPUTY CLERK  
U.S. DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS  
DATE 11/20/07

### Highest Offense Level (Terminated)

None

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Timothy A Bass**<br>US ATTY<br>201 South Vine<br>Urbana, IL 61801<br>217-373-5875<br>Fax: 217-373-5891<br>Email: tim.bass@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/1997 | 1 | COMPLAINT Earl Jackson Hiland (1) count(s) cmp before Mag. Judge Charles H. Evans [ 3:97-m -3010 ] (MC, ilcd) (Entered: 04/11/1997) |
| 04/11/1997 | 2 | ARREST Warrant issued for Earl Jackson Hiland III by Mag. Judge Charles H. Evans [ 3:97-m -3010 ] (MC, ilcd) (Entered: 04/11/1997) |
| 04/11/1997 | | (Court only) Docket Modification (Utility Event) Sealing case per Judge Evans [ 3:97-m -3010 ] (MC, ilcd) (Entered: 04/11/1997) |
| 04/11/1997 | | DEFENDANT Earl Jackson Hiland III arrested 4/11/97 [ 3:97-m -3010 ] (BR, ilcd) (Entered: 04/15/1997) |
| 04/11/1997 | | DEFENDANT Earl Jackson Hiland III arrested [ 3:97-m -3010 ] (MC, ilcd) (Entered: 04/18/1997) |
| 04/15/1997 | | MINUTES: before Mag. Judge Charles H. Evans First appearance of Earl Jackson Hiland III. AUSA Timothy Bass present for Govt; Deft present in custody with retained counsel James Elmore. Deft advised of charges; waives reading of complaint. Govt recommends detention. Both parties move for a continuance. Case ordered unsealed Detention Hearing set for TUE 4/22/97 at 9:00 a. m.; Deft remanded to custody of USMarshal. (cc: all counsel) [ 3:97-m -3010 ] (S, ilcd) (Entered: 04/15/1997) |
| 04/18/1997 | 3 | ARREST Warrant returned executed as to Earl Jackson Hiland III 4/11/97 [ 3:97-m -3010 ] (MC, ilcd) (Entered: 04/18/1997) |
| 04/21/1997 | 4 | APPEARANCE of Attorney for Earl Jackson Hiland III by James Elmore and Plea of Not Guilty [ 3:97-m -3010 ] (MC, ilcd) (Entered: 04/21/1997) |
| 04/22/1997 | | MINUTES: before Mag. Judge Charles H. Evans Detention Hearing 4/22/97 . AUSA Timothy Bass present for govt. Deft present in custody with retained counsel James Elmore. Both sides present oral proffer. Parties present argument. Court finds probable cause and orders |

| | | |
|---|---|---|
| | | defendant detained. Govt to prepare order of detention. (cc: all counsel) [ 3:97-m -3010 ] (BR, ilcd) (Entered: 04/22/1997) |
| 05/09/1997 | 5 | INDICTMENT by AUSA Timothy A Bass. Counts filed against Earl Jackson Hiland (1) count(s) 1 (MC, ilcd) (Entered: 05/09/1997) |
| 05/09/1997 | | MINUTES: before Mag. Judge Charles H. Evans Arraignment set for Thursday, May 22, 1997 at 3:00 p.m. (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 05/09/1997) |
| 05/22/1997 | | MINUTES: before Mag. Judge Charles H. Evans. Arraignment. AUSA Timothy Bass present for Govt; Deft present in custody with retained counsel James Elmore. dft Earl Jackson Hiland III arraigned; NOT GUILTY plea entered; Pretrial conference set MON 6/23/97 at 4:00 p.m.; Jury trial set TUE 7/1/97 at 9:00 a.m. Previous Order of Detention ordered to continue. Deft remanded to custody of USMarshal. (cc: all counsel) (BR, ilcd) (Entered: 05/22/1997) |
| 05/29/1997 | 6 | PRIOR offense information by USA as to defendant Earl Jackson Hiland III (MC, ilcd) (Entered: 05/29/1997) |
| 06/11/1997 | | MINUTES: before Judge Richard Mills. Final pretrial conference is CHANGED AS TO TIME ONLY to 1:30 p.m. on 6/23/97. (cc: all counsel) (GU, ilcd) (Entered: 06/11/1997) |
| 06/20/1997 | 7 | MOTION to continue final pretrial and trial by Earl Jackson Hiland III (MC, ilcd) (Entered: 06/20/1997) |
| 06/20/1997 | 8 | ORDER by Judge Richard Mills MAKING AN INTEREST OF JUSTICE FINDING granting motion to continue final pretrial and trial [7-1]. , Final pretrial conference reset to July 28, 4:30 p.m. Jury trial reset to August 5, 1997 at 9:00 a.m. (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 06/20/1997) |
| 07/25/1997 | | MINUTES: before Judge Richard Mills. ON COURT'S OWN MOTION final pretrial conference reset to August 4, 1997 at 10:15 a.m. (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 07/25/1997) |
| 08/04/1997 | | MINUTES: before Judge Richard Mills pretrial conference held 8/4/97. Deft's oral motion for continuance of trial is granted. Jury trial set for 9/3/97 at 9:00 (cc: all counsel) (CT, ilcd) (Entered: 08/04/1997) |
| 08/04/1997 | 9 | FINAL PRETRIAL ORDER by Judge Richard Mills making an interest of justice finding continuing trial to September trial calendar. (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 08/04/1997) |
| 08/25/1997 | | MINUTES: before Judge Richard Mills. Change of plea is set for 9/22/97 at 9:00 a.m. (cc: all counsel) (GU, ilcd) (Entered: 08/25/1997) |
| 09/22/1997 | | MINUTES: before Judge Richard Mills. CHANGE OF PLEA. AUSA Bass present on behalf of government. Defendant Hiland present in custody with attorney James Elmore. Defendant sworn, examined by court and advised of rights. Earl Jackson Hiland III enters guilty plea as to Count 1 ; presentence report ordered. Sentencing hearing set for |

| | | |
|---|---|---|
| | | Monday, December 29, 1997 at 11:30 a.m. Defendant remanded to the custody of the USM pending sentencing. (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 09/22/1997) |
| 09/22/1997 | 10 | ORDER ON IMPLEMENATION OF SENTENCING GUIDELINES by Judge Richard Mills (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 09/22/1997) |
| 12/18/1997 | 11 | POSITION by: Deft as to defendant Earl Jackson Hiland III regarding Sentencing Factors (PR, ilcd) (Entered: 12/18/1997) |
| 12/23/1997 | 12 | MOTION to continue sentencing by USA as to Earl Jackson Hiland III (MC, ilcd) (Entered: 12/23/1997) |
| 12/24/1997 | | MINUTES: before Judge Richard Mills. Sentencing hearing is reset to 2/23/98 at 3:00 p.m. (cc: all counsel & notification by telephone) (GU, ilcd) (Entered: 12/24/1997) |
| 12/24/1997 | 13 | ORDER by Judge Richard Mills granting motion to continue sentencing [12-1]. Sentencing hearing is rescheduled for 2/23/98 at 3:00 p.m. (cc: all counsel) (PR, ilcd) (Entered: 12/24/1997) |
| 02/20/1998 | 14 | MOTION to continue sentencing by USA as to Earl Jackson Hiland III (PR, ilcd) (Entered: 02/20/1998) |
| 02/20/1998 | | MINUTES: before Judge Richard Mills. Sentencing hearing is CANCELED for 2/23/98. New date to be set. (cc: all counsel) (GU, ilcd) (Entered: 02/20/1998) |
| 02/23/1998 | | ENDORSED Order GRANTING motion to continue sentencing [14-1] by Judge Richard Mills (cc: all counsel, USPO, USM) (MC, ilcd) (Entered: 02/23/1998) |
| 04/06/1998 | | MINUTES: before Senior Judge Richard Mills. Sentencing hearing is set for 5/11/98 at 3:30 p.m. (cc: all counsel) (GU, ilcd) (Entered: 04/06/1998) |
| 05/08/1998 | 15 | MOTION to continue sentencing by USA as to Earl Jackson Hiland III (S, ilcd) (Entered: 05/08/1998) |
| 05/08/1998 | | ENDORSED Order ALLOWED motion to continue sentencing [15-1] by Senior Judge Richard Mills. Defense counsel has no objection. (cc: all counsel) (S, ilcd) (Entered: 05/08/1998) |
| 05/11/1998 | | MINUTES: before Senior Judge Richard Mills. Sentencing hearing is reset to 6/15/98 at 2:30 p.m. (cc: all counsel) (GU, ilcd) (Entered: 05/11/1998) |
| 06/10/1998 | 16 | POSITION by: USA as to defendant Earl Jackson Hiland III regarding SENTENCING FACTORS (MC, ilcd) (Entered: 06/10/1998) |
| 06/11/1998 | | MINUTES: before Senior Judge Richard Mills. Sentencing hearing is CHANGED AS TO TIME ONLY to 3:30 p.m. on 6/15/98. (cc: all counsel) (GU, ilcd) (Entered: 06/11/1998) |
| | | |

| | | |
|---|---|---|
| 06/15/1998 | | MINUTES: before Senior Judge Richard Mills. SENTENCING. Deft present with Atty James Elmore; AUSA Timothy Bass present for Govt. Presentence Report adopted by Court. Arguments heard. Govt's oral motion for downward departure is Allowed. Sentencing Earl Jackson Hiland (1) count(s) 1. Defendant sentenced to 60 months Imprisonment; 8 years Supervised Release; $3,000 Fine; $100 Special Assessment . Deft remanded to custody of Marshal. (cc: all counsel) (GU, ilcd) (Entered: 06/16/1998) |
| 06/16/1998 | | MINUTES: case terminated (cc: all counsel) (GU, ilcd) (Entered: 06/16/1998) |
| 06/16/1998 | 17 | JUDGMENT and Commitment Order as to defendant Earl Jackson Hiland III by Senior Judge Richard Mills (GU, ilcd) (Entered: 06/16/1998) |
| 06/16/1998 | 18 | PRESENTENCE Report on Earl Jackson Hiland III ( original sealed ) (GU, ilcd) (Entered: 06/16/1998) |
| 06/16/1998 | 19 | SENTENCING recommendation (original sealed) as to defendant Earl Jackson Hiland III (GU, ilcd) (Entered: 06/16/1998) |
| 08/31/1998 | 20 | JUDGMENT and Commitment returned executed 7/16/98 as to Earl Jackson Hiland (1) count(s) 1 (MC, ilcd) (Entered: 08/31/1998) |
| 09/08/1998 | 21 | LETTER to Judge Mills from BOP re: Earl Hiland (cc: counsel, USPO, USM) (MC, ilcd) (Entered: 09/08/1998) |
| 04/16/1999 | 22 | RECEIPT from USPO for PSR and Sentencing Recommendation as to defendant Earl Jackson Hiland III (MC, ilcd) (Entered: 04/16/1999) |
| 04/19/2004 | 23 | Release and SATISFACTION of fine/restitution as to defendant Earl Jackson Hiland III (MR, ilcd) (Entered: 04/19/2004) |
| 11/07/2007 | 24 | Probation Jurisdiction Transferred to Northern District of Illinois as to Earl Jackson Hiland, III Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment, docket sheet, and financial records. (ME, ilcd) (Entered: 11/09/2007) |



IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FILED
MAY 0 8 1997
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
                          )
    Plaintiff,            )   CRIMINAL NO. 97-30021
                          )   VIOLATION: Title 21, United
    v.                    )   States Code, Sections 841(a)(1)
                          )   and 841(b)(1)(B)(viii).
EARL JACKSON HILAND III,  )
                          )
    Defendant.            )

## INDICTMENT

THE GRAND JURY CHARGES THAT:

In about May or June 1996, at or near Quincy, in the Central District of Illinois, and elsewhere, the defendant,

**EARL JACKSON HILAND III,**

knowingly and intentionally possessed a controlled substance, namely a mixture or substance containing methamphetamine, a Schedule II controlled substance, with the intent to distribute it.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

A TRUE BILL,

*[signature]*
FOREPERSON

*[signature]* Patrick J. Chesley for
FRANCES C. HULIN
UNITED STATES ATTORNEY

TB

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: *[signature]* M. Eddinga
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE 11/20/07

⑤

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## Central District of Illinois

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| EARL JACKSON HILAND, III | Case Number: 3:97CR30021-001 |
| | James E. Elmore |
| | Defendant's Attorney |

**FILED**
JUN 1 6 1998
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession with Intent to Distribute Methamphetamine | 06/15/1996 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:
Defendant's Date of Birth:
Defendant's USM No.:
Defendant's Residence Address:
513 Washington Street

Quincy    IL    62301

Defendant's Mailing Address:
513 Washington Street

Quincy    IL    62301

06/15/1998
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

**RICHARD MILLS**
**U.S. DISTRICT JUDGE**
Name & Title of Judicial Officer

06/15/1998
Date

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: *M. Eddings*
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE 11/20/07

DEFENDANT: EARL JACKSON HILAND, III
CASE NUMBER: 3:97CR30021-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __60__ month(s).

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in a facility with (1) a drug awareness program with a minimum of 500 hours; (2) as close to his home as possible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ a.m./p.m. on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

Judgment-Page __3__ of __6__

DEFENDANT: EARL JACKSON HILAND, III
CASE NUMBER: 3:97CR30021-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __8__ year(s)

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

See Special Conditions of Supervision - Sheet    3.01

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:       EARL JACKSON HILAND, III
CASE NUMBER:    3:97CR30021-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall, at the direction of the Probation Officer, participate in a program for substance abuse treatment and counseling including testing to determine whether he has used controlled substances and/or alcohol. During the entire term of supervision, defendant will abstain from the use of alcohol, all other legally obtainable intoxicants, and all mood-altering substances unless prescribed by a physician. The defendant shall pay for these services as directed by the Probation Officer.

2. The defendant shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

3. The defendant, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, shall perform at least 20 hours of community service work per week at the direction of and in the discretion of the U.S. Probation Office until gainfully employed.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties  Case 3:07-cv-50062 Document 1    Filed 11/26/2007    Page 12 of 17

Judgment-Page __4__ of __6__

DEFENDANT: EARL JACKSON HILAND, III
CASE NUMBER: 3:97CR30021-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ 3,000.00 | $ |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

Totals: $ _____ $ _____

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

DEFENDANT: EARL JACKSON HILAND, III
CASE NUMBER: 3:97CR30021-001

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A [X] in full immediately; or

B [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C [ ] not later than _____ ; or

D [ ] in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E [ ] in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT: EARL JACKSON HILAND, III  
CASE NUMBER: 3:97CR30021-001

Judgment-Page 6 of 6

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: 29

Criminal History Category: IV

Imprisonment Range: 121 to 151 months

Supervised Release Range: 8 to 8 years

Fine Range: $ 15,000.00 to $ 4,000,000.00

☒ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

**OR**

☒ The sentence departs from the guideline range:

  ☒ upon motion of the government, as a result of defendant's substantial assistance.

  ☐ for the following specific reason(s):

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: M Eddinap
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE 11/20/07

United States District Court
Account Summary

11/20/2007

HILAND III, EARL JACKSON        Case Number   0753 3 9730021 001
                    JE          Assessment              100.00
                                Fine                  3,000.00
                                Restitution               0.00
                                Officer

### Special Assessment - 504100

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 03/05/1999 |  | BOP | 100.00 |  | 0.00 |

### Fine - 504100

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 03/05/1999 | INTEREST TO 03/05/1999 | | | 110.32 | 3,110.32 |
| 10/20/1999 | 37769 | Money Order | 185.00 | | 2,925.32 |
| 01/24/2000 | INTEREST TO 01/24/2000 | | | 135.97 | 3,061.29 |
| 01/19/2000 | 38241 | Money Order | 25.00 | | 3,036.29 |
| 05/19/2000 | Interest from 01/24/2000 to 05/19/2000 | | | 50.12 | 3,086.41 |
| 05/19/2000 | 39034 | BOP | 25.00 | | 3,061.41 |
| 10/16/2000 | Interest from 05/19/2000 to 10/16/2000 | | | 61.58 | 3,122.99 |
| 10/16/2000 | 39912 | BOP | 25.00 | | 3,097.99 |
| 01/11/2001 | Interest from 10/16/2000 to 01/11/2001 | | | 35.39 | 3,133.38 |
| 01/11/2001 | P87 | BOP | 25.00 | | 3,108.38 |
| 03/09/2001 | Interest from 01/11/2001 to 03/09/2001 | | | 23.04 | 3,131.42 |
| 04/11/2001 | P739 | BOP | 25.00 | | 3,106.42 |
| 07/13/2001 | Interest from 03/09/2001 to 07/13/2001 | | | 50.46 | 3,156.88 |
| 07/13/2001 | P1414 | BOP | 25.00 | | 3,131.88 |
| 11/14/2001 | Interest from 07/13/2001 to 11/14/2001 | | | 49.20 | 3,181.08 |
| 11/14/2001 | P2279 | CHECK | 75.00 | | 3,106.08 |
| 12/13/2001 | Interest from 11/14/2001 to 12/13/2001 | | | 11.18 | 3,117.26 |
| 12/13/2001 | P2528 | CHECK | 75.00 | | 3,042.26 |
| 01/16/2002 | Interest from 12/13/2001 to 01/16/2002 | | | 12.36 | 3,054.62 |
| 01/16/2002 | P2777 | Money Order | 75.00 | | 2,979.62 |
| 02/15/2002 | Interest from 01/16/2002 to 02/15/2002 | | | 10.90 | 2,990.52 |
| 02/15/2002 | P3035 | CHECK | 75.00 | | 2,915.52 |
| 03/13/2002 | Interest from 02/15/2002 to 03/13/2002 | | | 9.15 | 2,924.67 |
| 03/13/2002 | P3247 | CHECK | 75.00 | | 2,849.67 |
| 04/15/2002 | Interest from 03/13/2002 to 04/15/2002 | | | 11.25 | 2,860.92 |
| 04/15/2002 | P3508 | CHECK | 75.00 | | 2,785.92 |
| 05/08/2002 | Interest from 04/15/2002 to 05/08/2002 | | | 7.58 | 2,793.50 |
| 05/08/2002 | P3733 | Money Order | 75.00 | | 2,718.50 |
| 06/12/2002 | Interest from 05/08/2002 to 06/12/2002 | | | 11.15 | 2,729.65 |
| 06/12/2002 | P4038 | CHECK | 75.00 | | 2,654.65 |
| 07/17/2002 | Interest from 06/12/2002 to 07/17/2002 | | | 10.76 | 2,665.41 |
| 07/17/2002 | P4328 | CHECK | 75.00 | | 2,590.41 |

HILAND III (Continued)

Fine - 504100

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 08/19/2002 | | Interest from 07/17/2002 to 08/19/2002 | | 9.78 | 2,600.19 |
| 08/19/2002 | P4608 | CHECK | 75.00 | | 2,525.19 |
| 09/11/2002 | | Interest from 08/19/2002 to 09/11/2002 | | 6.56 | 2,531.75 |
| 09/11/2002 | P4801 | CHECK | 75.00 | | 2,456.75 |
| 10/17/2002 | | Interest from 09/11/2002 to 10/17/2002 | | 9.86 | 2,466.61 |
| 10/17/2002 | P5115 | CHECK | 75.00 | | 2,391.61 |
| 11/12/2002 | | Interest from 10/17/2002 to 11/12/2002 | | 6.83 | 2,398.44 |
| 11/12/2002 | P5283 | CHECK | 75.00 | | 2,323.44 |
| 12/12/2002 | | Interest from 11/12/2002 to 12/12/2002 | | 7.55 | 2,330.99 |
| 12/12/2002 | P5544 | CHECK | 75.00 | | 2,255.99 |
| 01/09/2003 | | Interest from 12/12/2002 to 01/09/2003 | | 6.49 | 2,262.48 |
| 01/09/2003 | P5757 | CHECK | 75.00 | | 2,187.48 |
| 02/14/2003 | | Interest from 01/09/2003 to 02/14/2003 | | 8.25 | 2,195.73 |
| 02/14/2003 | P6038 | Money Order | 75.00 | | 2,120.73 |
| 03/13/2003 | P6260 | CHECK | 75.00 | | 2,045.73 |
| 04/10/2003 | | Interest from 02/14/2003 to 04/10/2003 | | 11.38 | 2,057.11 |
| 04/10/2003 | S3282 | Money Order | 500.00 | | 1,557.11 |
| 05/12/2003 | | Interest from 04/10/2003 to 05/12/2003 | | 4.24 | 1,561.35 |
| 05/12/2003 | S3435 | Money Order | 75.00 | | 1,486.35 |
| 06/10/2003 | | Interest from 05/12/2003 to 06/10/2003 | | 3.52 | 1,489.87 |
| 06/10/2003 | S3582 | Money Order | 75.00 | | 1,414.87 |
| 07/09/2003 | | Interest from 06/10/2003 to 07/09/2003 | | 3.19 | 1,418.06 |
| 07/09/2003 | S3706 | Money Order | 75.00 | | 1,343.06 |
| 08/12/2003 | | Interest from 07/09/2003 to 08/12/2003 | | 3.37 | 1,346.43 |
| 08/12/2003 | S3822 | Money Order | 75.00 | | 1,271.43 |
| 09/15/2003 | | Interest from 08/12/2003 to 09/15/2003 | | 2.99 | 1,274.42 |
| 09/15/2003 | S3966 | Money Order | 75.00 | | 1,199.42 |
| 10/31/2003 | | Interest from 09/15/2003 to 10/31/2003 | | 3.53 | 1,202.95 |
| 10/31/2003 | S4120 | CHECK | 150.00 | | 1,052.95 |
| 12/12/2003 | | Interest from 10/31/2003 to 12/12/2003 | | 2.28 | 1,055.23 |
| 12/12/2003 | S4287 | Money Order | 75.00 | | 980.23 |
| 01/13/2004 | | Interest from 12/12/2003 to 01/13/2004 | | 1.34 | 981.57 |
| 01/13/2004 | S4387 | Money Order | 75.00 | | 906.57 |
| 02/11/2004 | | Interest from 01/13/2004 to 02/11/2004 | | 0.93 | 907.50 |
| 02/11/2004 | S4486 | Money Order | 75.00 | | 832.50 |
| 03/10/2004 | | Interest from 02/11/2004 to 03/10/2004 | | 0.58 | 833.08 |
| 03/10/2004 | S4590 | Money Order | 75.00 | | 758.08 |
| 04/05/2004 | | Interest from 03/10/2004 to 04/05/2004 | | 0.25 | 758.33 |
| 04/05/2004 | 144083 | TOP | 833.31 | | -74.98 |



# United States District Court

### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN M. WATERS<br>CLERK OF COURT | OFFICE OF THE CLERK<br>151 U.S. COURTHOUSE<br>600 EAST MONROE STREET<br>SPRINGFIELD, ILLINOIS 62701 | TEL: 217.492.4020<br>FAX: 217.492.4028 |

November 20, 2007

U.S. District Clerk's Office
Northern District of Illinois
211 South Court Street
Rockford, IL 61101

                                         RE: USA v Earl Jackson Hiland III
                                         CDIL CASE NO. 97-30021

Dear Clerk:

Pursuant to the executed Transfer of Jurisdiction filed in this office, enclosed please find certified copies of the following: (1) Docket Sheet, (2) Transfer of Jurisdiction, (3) Indictment or Information, (4) Judgment and Commitment, (5) Financial ledger.

This court is using the electronic filing system. You may access our electronic case file at the following address: http://ecf.ilcd.uscourts.gov to obtain copies of any documents that you may need in opening your file. We have assigned a login and password for district courts to use in accessing this information. The login is: xxxxxxxxx and the password is: xxxxxxxx. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat Reader loaded on your computer in order to view the documents.

Please acknowledge receipt of transfer on the enclosed copy of this letter.

If you should need further assistance, please do not hesitate to contact the Clerk's Office at 217/492-4020.

                                      Very truly yours,

                                      JOHN M. WATERS, CLERK
                                      U.S. DISTRICT COURT

                             By: _____s/ M. Eddings_____
Enclosure(s)                             Deputy Clerk
JMW/mrc

Receipt Acknowledged on:_____     By:_____

Attention District Court Clerks: **Please REMOVE LOGIN and PASSWORD when DOCKETING into CMECF.**